UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TAHER ACHAGZAI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-768 (RDM) |
| | ) | |
| BROADCASTING BOARD OF GOVERNORS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Broadcasting Board of Governors' motion to strike complaint and to dismiss in part (Dkt. 14) and Plaintiffs' motion to expedite the proceedings (Dkt. 17). Upon consideration of the parties' submissions, and for the reason explained below, Defendant's motion is **GRANTED**. The tort claims in counts 10-18 of the complaint are **DISMISSED** without prejudice, and Plaintiffs' complaint is **STRICKEN**. Plaintiffs' motion to expedite is **DENIED** without prejudice. Plaintiffs may file an amended complaint, consistent with this Memorandum Opinion and Order, on or before June 29, 2015.

### I. BACKGROUND

The five Plaintiffs in this action—Taher Achagzai, Syed B. Shah, Mohammed Zamen Mohmand, Zeba Khadem, and Naseem S. Stanazai—allege that, starting as early as 2006, they were victims of employment discrimination on the bases of age and national origin, as well as unlawful retaliation and a number of common law torts, in the course of their employment as broadcasters in the Pashto Language Service of Voice of America. In total, they allege 18

separate counts—nine of which allege employment discrimination or related retaliation, and nine of which allege common law torts ranging from "negligence . . . in the workplace" and "negligent infliction of emotional distress" to "invasion of privacy" and "defamation." Dkt. 1 at 213-23.  Over the course of their 226-page complaint, Plaintiffs allege a litany of facts in support of these claims.

In its motion, Defendant argues that Plaintiffs have failed to allege that they exhausted administrative remedies pursuant to the Federal Tort Claims Act (FTCA), and that, accordingly, Plaintiffs' common law tort claims (Counts 10-18) must be dismissed for lack of subject matter jurisdiction.  Dkt. 14 at 6.  It also briefly notes "alternative grounds for dismissal" of several of the tort claims.  *Id.* at 5.  Finally, Defendant argues that the complaint in its current, sprawling form is "too unmanageable" to allow Defendant to evaluate additional defenses, and it requests an order striking the complaint for failure to comply with Rule 8(a).  *Id.* at 6.

In their motion to expedite, Plaintiffs argue that their age and the fact that some of them are in poor health constitute "good cause" for expediting the proceedings pursuant to 28 U.S.C. § 1657(a).

## II.  LEGAL STANDARDS

The plaintiff bears the burden to establish that the Court has subject-matter jurisdiction. *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  "In appropriate cases," a court may "dispose of a motion to dismiss for lack of subject matter jurisdiction . . . on the complaint standing alone." *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).  "[W]here necessary," however, the Court may consider "the complaint supplemented by undisputed facts" or resolve factual disputes on a motion under Rule 12(b)(1).  *Id.*  A court relying on the pleadings to resolve a motion under Rule 12(b)(1) "assume[s] the truth of all material factual allegations in the complaint." *Am. Nat'l Ins. Co. v.*

*FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

Rule 8(a) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d) requires that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). Together, these rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quotation marks omitted). "Enforcing these rules is largely a matter for the trial court's discretion." *Id.* When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules. *See id.*

Under 28 U.S.C. § 1657(a), "each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action . . . if good cause therefor is shown."

### III. DISCUSSION

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The complaint does not cite a statutory basis for the Court's jurisdiction over the common law tort claims pleaded in Counts 10-18. In their opposition brief, however, Plaintiffs contend that the Court has jurisdiction pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. *See* Dkt. 15-1 at 5. The FTCA is a "limited waiver of the United States' sovereign immunity," and, thus, "absent full compliance with the conditions the Government has placed upon its waiver, courts lack jurisdiction to entertain tort claims against it."[1] *GAF Corp. v.*

---

[1] The Seventh Circuit has abandoned the position that the FTCA exhaustion requirement is jurisdictional, in light of recent Supreme Court decisions "press[ing] a stricter distinction between truly jurisdictional rules . . . and nonjurisdictional 'claim-processing rules.'" *Gonzalez v. Thaler,* 132 S.Ct. 641 (2012); *see Smoke Shop, LLC v. U.S.,* 761 F.3d 779 (7th Cir. 2014). The

*United States*, 818 F.2d 901, 904 (D.C. Cir. 1987).

Here, Plaintiffs have failed to allege that they satisfied the requirement that they exhaust administrative remedies before filing an FTCA claim. Under the FTCA, "[a]n action [for certain tort claims] shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). In this Circuit, "a jurisdictionally adequate presentment is one which provides to the appropriate agency (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp.*, 818 F.2d at 905.

Plaintiffs argue that their discussions with Defendant's Human Resources Department and Office of Civil Rights satisfied the FTCA exhaustion requirement. *See* Dkt. 15-1 at 6. It is far from clear that, by filing a complaint with the Office of Civil Rights, Plaintiffs provided Defendant with sufficient notice of—and an opportunity to resolve—their common law tort claims. But, even putting this aside, Plaintiffs have neither alleged nor provided evidence demonstrating that they ever presented Defendant with a "sum-certain damages claim" for their tort allegations. Because Plaintiffs have therefore "failed to invoke properly the FTCA's limited waiver of sovereign immunity, the Court does not have jurisdiction to hear" their claims in Counts 10-18. *Melvin v. U.S. Dep't of Veterans Affairs*, ___ F. Supp. 3d ____, No. 12-1501, 2014 WL 4851994, at *9 (D.D.C. Sept. 30, 2014), *aff'd*, 2015 WL 3372292 (D.C. Cir. 2015) (per curiam) (dismissing FTCA claims because plaintiff failed to allege or demonstrate that she presented defendant with a sum-certain damages claim). If Plaintiffs contend that they did, in

---

rule set forth in *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987), however remains binding law in this Circuit.

fact, present Defendant with a "sum-certain damages claim" for the alleged common law torts, they may file an amended complaint consistent with this opinion.[2]

Because the Court has concluded it lacks jurisdiction to hear Plaintiffs' common law tort claims at this time, it will not consider Defendant's arguments for dismissal of certain of those claims under Rule 12(b)(6). *See In re Papandreou*, 139 F.3d 247, 255 (D.C. Cir. 1998) ("where jurisdiction is lacking, federal courts obviously cannot exercise it to decide the cause of action").

**B.  Motion to Strike**

Defendant argues that the entire complaint must be stricken under Rule 12(f) and Rule 8, asserting that the complaint is not sufficiently short and plain to allow Defendant to evaluate defenses on the merits and to ascertain the factual basis for Plaintiff's claims.  Dkt. 14 at 6. Plaintiffs respond that the allegations in the complaint are all relevant to the "subject matter of the controversy" and that the complaint in fact reflects substantial distillation from the raw evidentiary material on which it is assertedly based.  Dkt. 15-1 at 11.

Defendant has the better of this argument.  It is understandable that an action involving multiple plaintiffs alleging a course of discriminatory conduct might require a complaint of some length.  Moreover, there are certainly times where an extensive history of alleged affronts, insults, and unfavorable work assignments and similar decisions may take on a very different light than similar allegations considered in isolation, and a plaintiff is entitled to include a

---

[2]  Count 12 of the complaint alleges a claim for "vicarious liability," "respondeat superior," and "ratification in the workplace."  Dkt. 1 ¶¶ 805-13.  It is not clear whether Plaintiffs intend that this claim encompass the underlying claims for discrimination or merely the common law tort claims.  Defendant, however, moved to dismiss this count, along with the other common law tort counts, on the ground that Plaintiffs failed to exhaust under the FTCA, and Plaintiffs have not opposed that motion on the ground that Count 12 encompasses any non-FTCA claims.  For this reason, *see Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (points not disputed in opposition to motion to dismiss conceded), and because, in any event, Plaintiffs have not satisfied the requirement of clarity demanded by Rule 8(a), the Court will dismiss Count 12 along with Counts 10-11 and 13-18.

complete statement of his or her claim in the complaint. At the same time, however, Rule 8(a) provides that the "statement of the claim" included in the complaint should be "short and plain." Fed. R. Civ. P. 8(a). Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move and it invites unnecessary delay and confusion in the proceedings.

Here, although Plaintiffs are entitled to set forth their allegations of multiple acts, involving many parties, occurring over several years, their 226-page, 867-numbered-paragraph complaint is substantially longer than necessary or reasonable. The complaint need not include every detail that the plaintiff might possibly seek to rely upon at trial. And, although excessive detail, standing alone, might not provide a basis for striking a complaint, here, the complaint repeats many of the same detailed allegations over and over again. *See, e.g.*, Dkt. 1 ¶¶ 63 (junior employees, but not senior employees, received training in Dalet Plus computer program), 205 (same), 339 (same), 358 (same), 366 (same), 476 (same); *id.* ¶¶ 74 (Mr. Ibrahim said Mr. Achagzai "is a man from the 70s and 80s"), 125 (same), 519 (same); *id.* ¶¶ 82 (Plaintiff Shah was given an assignment for which he had not been properly trained), 101 (same); *id.* ¶¶ 25 (allegation that Mr. Ibrahim stated "I am the law"), 50 (same), 126 (same), 226 (same), 304 (same), 431 (same), 515 (same), 543 (same), 565 (same); *id.* ¶¶ 164 (allegation that Mr. Ibrahim disfavored senior employees by denying additional necessary time for translation assignments), 232 (same), 276 (same). These and other instances of unnecessary repetition render the complaint confusing and leave no doubt that it could be shortened substantially without sacrificing important content. Requiring Defendant to answer the complaint in its current form would not promote "the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, and it risks confusing, rather than clarifying, the dispute between the parties.

The decision whether to strike the complaint lies within the Court's "considerable

discretion over such matters." *Ciralsky*, 355 F.3d at 669. The Court recognizes that lengthy complaints, including those filed by the government when plaintiff, are not uncommon. *See id.* (identifying two cases where government's complaint consisted of 88 and 70 pages, respectively). Here, however, a 226-page complaint is clearly excessive, particularly in light of its extensive repetition. The district court in *Ciralsky* concluded that it is was appropriate to strike a complaint that "weighed in at 119 pages and 367 numbered paragraphs," *id.*, and courts following *Ciralsky* have stricken or otherwise rejected complaints comparable in length to Plaintiffs' here. *See, e.g.*, *Robinson v. District of Columbia*, 283 F.R.D. 4, 6-7 (D.D.C. 2012) (finding that complaint containing 196 pages and over 1,000 paragraphs "would clearly violate Rule 8" and collecting cases). If anything, this is an even more extreme case.

None of Plaintiffs' cited authorities counsel to the contrary. The only case Plaintiffs cite from within this Circuit concerned a motion to strike portions of a prior opinion of the district court, not an overlong pleading. *Act Now to Stop War & End Racism Coal. v. District of Columbia,* 286 F.R.D. 117, 132 (D.D.C. 2012) (concluding Rule 12(f) does not authorize a motion to strike sections of a judicial opinion). Plaintiffs' focus on the materiality of the allegations in the complaint (*see* Dkt. 15-1 at 11) is misplaced: the motion to strike is appropriate because Plaintiffs' pleading is repetitive and unmanageably long, not because it contains allegations that are wholly unrelated to the subject matter of the dispute. And Plaintiffs' assertion that responding to the current complaint would not cause "any prejudice to the Defendant" is wrong. Dkt. 15-1 at 10. Defendant has plausibly represented that it is unable fully to evaluate Plaintiffs' claims or address them "in a concise fashion as a result of the voluminous nature of the Complaint." Dkt. 16 at 6.

In light of these considerations, striking the initial complaint and allowing Plaintiffs an opportunity to excise redundant material and file a streamlined amended complaint is warranted.

**C.   Motion to Expedite**

Plaintiffs request (Dkt. 17-1) that the Court should expedite these proceedings because the plaintiffs are all at least 60 years of age and some of them are in poor health. Although Defendant argues that the asserted interests of Plaintiffs in the prompt resolution of this litigation do not constitute an "exceptional circumstance[]" that would warrant expediting the case, Dkt. 18 at 1, neither side has cited case law interpreting the "good cause" criterion of 28 U.S.C. § 1657. In light of the Court's broad discretion to control its own docket, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997), the Court concludes that it can adequately address Plaintiffs' concerns when implementing the schedules for further briefing and discovery in this matter. For this reason, no good cause exists to expedite the proceeding. Plaintiffs' motion will be denied without prejudice to renewal in the event new circumstances arise that warrant expedited treatment of the action.

## IV. CONCLUSIONS

Defendant's motion to strike complaint and to dismiss in part is hereby **GRANTED**. Plaintiffs' tort claims in counts 10-18 of the complaint are **DISMISSED** without prejudice, and Plaintiffs' complaint is **STRICKEN** for failure to comply with the requirements of Rule 8.

It is further **ORDERED** that, on or before June 29, 2015, Plaintiffs may file an amended complaint that eliminates repetitive or non-essential factual allegations and either (1) pleads facts demonstrating that Plaintiffs exhausted their administrative remedies pursuant to the FTCA or (2) omits the common law tort claims in the initial complaint.

It is further **ORDERED** that Plaintiffs' motion to expedite is **DENIED** without prejudice.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  June 12, 2015