UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAHER ACHAGZAI, et al.,<br><br>          *Plaintiffs*,<br><br>     v.<br><br>BROADCASTING BOARD OF GOVERNORS,<br><br>          *Defendant*. | Civil Action No. 14-768 (RDM) |

## MEMORANDUM OPINION AND ORDER

On March 18, 2016, this Court issued a Memorandum Opinion and Order granting Defendant's motion for summary judgment on all counts for four of the five plaintiffs in this case and for all but four counts as to the fifth plaintiff. *See* Dkt. 52. The Court concluded that plaintiffs had failed to exhaust their administrative remedies for those counts and that equitable tolling of the exhaustion deadlines was not warranted. *Id.* Plaintiffs now ask this Court to reconsider that decision. *See* Dkt. 57. They characterize their motion as arising under Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. 57 at 1. Because the Court denied summary judgment in part, however, its decision was not a final judgment, and the Court will instead assume the motion invokes Rule 54(b), which provides that nonfinal orders "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before" the Court enters final judgment.

Reconsideration of interlocutory orders is permitted "'as justice requires.'" *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (quoting *Greene v. Union Mutual Life Ins. Co. of America,* 764 F.2d 19, 22 (1st Cir. 1985) (Breyer, J.)). Courts in this District have recognized

that relief under 54(e) is appropriate "when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Murphy v. Exec. Office for U.S. Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014) (quoting *Zeigler v. Potter,* 555 F.Supp.2d 126, 129 (D.D.C. 2008)); *see also Keystone Tobacco Co. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 237 (D.D.C. 2003)).

Plaintiffs' motion for reconsideration does not show that any of these circumstances—or any other circumstances that might justify reconsideration—are present here.  The motion largely rehashes arguments Plaintiffs made in their motion in opposition to summary judgment, *see* Dkt. 33, their motion for a preliminary injunction, *see* Dkt. 41, and their supplemental memorandum on summary judgment, *see* Dkt. 50.  Despite multiple opportunities, Plaintiffs have failed to provide any evidence showing that they brought to the attention of an Equal Employment Opportunity Officer "an act contributing to" their hostile work environment claims that "occur[red] within the filing period."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).  They have likewise failed to produce any evidence that Defendants engaged in the sort of "affirmative misconduct" that would justify equitable tolling of the administrative deadlines for any of their claims.  *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam).

Accordingly, Plaintiffs' motion for reconsideration, Dkt. 57, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 9, 2016