UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAHER ACHAGZAI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BROADCASTING BOARD OF GOVERNORS, <br><br> *Defendant*. | Civil Action No. 14-768 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Naseem Stanazai along with four of his coworkers brought this action against Defendant, the Broadcasting Board of Governors ("the Board"), alleging unlawful discrimination and retaliation on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See generally* Dkt. 1 (Compl.). On June 12, 2015, the Court dismissed Counts 10–18 of Plaintiffs' initial complaint, concluding that there was no "statutory basis for the Court's jurisdiction over the common law tort claims" that those Counts pressed. *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015); *see also* Dkt. 24 at 3–5. Seventeen days later, on June 29, 2015, Plaintiffs filed an amended complaint. Dkt. 25 (Am. Compl.). The Board then filed a motion to dismiss or, in the alternative, for summary judgment on August 6, 2015. Dkt. 30.

Before the Court could resolve the Board's motion, on October 20, 2015, two of the Plaintiffs moved for a preliminary injunction to prohibit the Board from making certain changes to their work schedules. Dkt. 47 at 2; *see also* Dkt. 41 at 1. In a Memorandum Opinion and

Order of February 8, 2016, the Court denied relief, holding that "Plaintiffs ha[d] failed to meet their substantial burden of demonstrating that a preliminary injunction [wa]s warranted." Dkt. 47 at 2.

Roughly one month later, on March 18, 2016, the Court resolved the Board's then-pending motion to dismiss and/or for summary judgment. The Court held, first, "that four of the plaintiffs—Taher Achagzai, Syed B. Shah, Mohammed Zamen Mohmand, and Zeba Khadem—failed to exhaust their administrative remedies," Dkt. 52 at 1; second, that "the fifth plaintiff, Naseem S. Stanazai, did exhaust his administrative remedies as to some of his claims," *id.*; third, that Stanazai's claims for hostile work environment, *id.* at 28–31, "[w]ilfull [d]iscrimination in violation of both Title VII and ADEA," *id.* at 31, and "disparate impact discrimination under Title VII and the ADEA," *id.* at 27–28, each failed as a matter of law; and fourth, that Stanazai's claim "that the Board discriminated or retaliated against [him] by either demoting him or promoting other[s] . . . based on considerations of age or nationality" passed muster at that stage of the proceedings, *id.* at 33. Plaintiffs subsequently filed a motion for reconsideration, Dkt. 57, which the Court denied, Dkt. 59.

Discovery followed. *See* Minute Order (Apr. 15, 2016). Upon its conclusion, the Board filed a motion for summary judgment on Stanazai's remaining claims, Dkt. 67, and the Court granted the Board's motion, concluding that Stanazai had failed to adduce evidence that would allow a reasonable jury to find that he had suffered "an adverse action sufficient to support a retaliation or discrimination claim under Title VII or the ADEA," *Achagzai v. Broad. Bd. of Governors*, 308 F. Supp. 3d 396, 403 (D.D.C. 2018); *see also* Dkt. 71 at 9. The same day, April 20, 2018, the Court issued its final judgment in favor of the Board. Dkt. 72.

Slightly over a year later, on April 22, 2019, Stanazai moved for reconsideration of the Court's April 20, 2018 memorandum opinion and order. Dkt. 74. The Court denied the motion, reasoning that it was untimely under Federal Rule of Civil Procedure 60 because it "was filed more than one year after the Court's Order granting summary judgment in favor of the Board." Minute Order (May 2, 2019). Stanazai then appealed to the D.C. Circuit. Dkt. 76. While the appeal was pending, the parties filed a "joint motion to remand the case" back to this Court. Dkt. 79. The D.C. Circuit granted the motion and ordered that the "case be remanded to the district court for further consideration of appellants' motion for relief pursuant to Federal Rule of Civil Procedure 60(b), including consideration in the first instance of appellants' contention, raised for the first time on appeal, that the motion was timely filed." *Id.* at 2.

The Court now agrees that Stanazai's motion for reconsideration was timely filed. Under Federal Rule of Civil Procedure 60(c), "[a] motion [for reconsideration] under Rule 60(b) must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Here, Stanazai's Rule 60(b) motion for reconsideration was filed on April 22, 2019, Dkt. 74, while the order that he asked the Court to reconsider was filed on April 20, 2018, *Achagzai*, 308 F. Supp. 3d at 396; *see also* Dkt. 71 at 1. Although the duration between April 20, 2018 and April 22, 2019 is, on its face, "more than a year," Fed. R. Civ. P. 60(c), Federal Rule of Civil Procedure 6(a)(1) requires courts computing time limits under the Federal Rules of Civil Procedure to "exclude the day of the event that triggers the period" and, "if the last day [of the period] is a Saturday, Sunday, or legal holiday," to allow "the period [to] continue[] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." In this case, then, the first day counted toward the one-year time period was April 21, 2018—the day after "the event [the Court's order] that trigger[ed] the period"—and the last day counted was April 21,

3

2019, but because that day was a Sunday, Stanazai's time to file was extended to the next business day, April 22, 2019—*i.e.*, the very day that Stanazai filed his motion for reconsideration. *Id.* Stanazai's motion for reconsideration, Dkt. 74, is therefore timely.

Turning to the substance of Stanazai's motion, "the decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the [d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993), although, as a general practice, "[r]elief under Rule 60(b)[] motions is rare," *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006); *see also Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007). That is because Rule 60(b) "allow[s] district courts to correct only limited types of substantive errors." *Hall*, 437 F.3d at 99. In particular, the Rule permits courts to "relieve a party . . . from a final judgment . . . for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Stanazai's motion for reconsideration fails this test. Stanazai premises his motion for reconsideration on two assertedly conflicting holdings: In this case, the Court held that Stanazai had failed to offer evidence that would allow a reasonable jury to find that he had suffered an adverse employment action, while the Court held in a separate case, *Stanazai v. Broad. Bd. of Governors*, No. 17-cv-2653, 2019 WL 1046296 (D.D.C. Mar. 5, 2019) ("*Stanazai I*") (subsequent history omitted), that Stanazai could proceed on his claim for non-selection as a senior editor, *id.* at *7; *see also Stanazai v. Broad. Bd. of Governors*, No. 17-cv-2653, 2020 WL

61118182 (D.D.C. Oct. 16, 2020) ("*Stanazai II*").  That argument, however, is a non-sequitur:  In *Stanazai I* and *II*, Stanazai brought a non-selection claim, alleging that he had "applied for several management positions that became available, but was denied [those positions]." *Stanazai I*, 2019 WL 1046296, at *7 (quotation marks and citation omitted).  But in this case, by contrast, he raises no such allegation.  Instead, Stanazai points "[o]nly [to] two alleged events [that] arguably" constitute adverse actions—a negative email about his work performance and certain changes to his job responsibilities in February 2013.  *Achagzai*, 308 F. Supp. 3d at 401; *see also* Dkt. 71 at 4–6.  The Court's prior determination that those actions were not cognizably adverse cannot be altered by its later conclusion in a separate case that a different allegation about a different action at a different time—implicating a different legal theory altogether—could be adverse.  *Achagzai*, 308 F. Supp. 3d at 401; *see also Stanazai II,* 2020 WL 61118182 at *6–*7.

Stanazai's motion fails on its own terms and does not identify any ground that warrants the Court reconsidering its earlier decision.  Accordingly, it is **ORDERED** that Stanazai's Motion for Reconsideration, Dkt. 74, is hereby **DENIED**.

    **SO ORDERED**.

                                          /s/ Randolph D. Moss
                                          RANDOLPH D. MOSS
                                          United States District Judge

Date:  December 29, 2020